IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

JUAN GUTIERREZ,

      Petitioner,

v.                                                                 Civil Action No. 1:17-CV-40

UNITED STATES OF AMERICA,

      Respondent.

## REPORT AND RECOMMENDATION

**I.    INTRODUCTION**

On March 8, 2017, *pro se* Petitioner, Juan Gutierrez ("Petitioner"), filed an Application for Habeas Corpus pursuant to 28 U.S.C. § 2241. Petitioner is a federal inmate housed at USP Gilmer and is challenging the validity of his sentence imposed in the United States District Court for the Southern District of Texas. This matter is pending before the undersigned for an initial review and Report and Recommendation pursuant to LR PL P 2.

**II.    PROCEDURAL HISTORY[1]**

Petitioner was one of three defendants indicted on January 27, 2010, in the United States District Court for the Southern District of Texas, for conspiracy to possess with intent to distribute a controlled substance in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(B) (Count 1) and possession with intent to distribute a controlled substance involving more than 100 kilograms of marijuana, a Schedule 1 controlled substance in violation of 21 U.S.C. § 841(a)(1) and 841(b)(1)(B) and 18 U.S.C. § 2 (Count 2). On February 16, 2010, Petitioner pleaded guilty

---

[1] This information is taken from Petitioner's criminal docket in the United States District Court for the Southern District of Texas, No. 2:10-cr-63-03, available on PACER, and in particular the Memorandum and Order entered on September 26, 2016, denying his § 2255 motion. *Philips v. Pitt Cnty. Mem. Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009) (courts "may properly take judicial notice of public record"); *Colonial Penn. Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the contents of court records.")

to Count One pursuant to a written plea agreement. The Probation Department prepared a Presentence Investigation Report ("PSR"). Petitioner's base offense level was calculated based upon the quantity of marijuana seized, 207.07 kilograms, which resulted in an offense level of 26. Probation added four levels for Petitioner's role as a leader/organizer. After credit for acceptance of responsibility, his total offense level was 27. However, Petitioner had two previous drug convictions, one federal conviction for possession with intent to distribute marijuana and one Florida conviction for possession of cannabis with intent to sell or deliver. As a result of these two convictions, Petitioner qualified as a career offender pursuant to U.S.S.G. § 4B1.1. His offense level was increased to 34 (31 after credit for acceptance of responsibility), and his criminal history category automatically became VI. His resulting sentencing guideline range was 188 to 235 months. On May 27, 2010, he was sentenced to imprisonment for a term of 188 months, followed by five years of supervised release.

Roughly six years later, in 2016, Petitioner initiated a *pro se* pursuit of collateral relief. He filed a motion to vacate pursuant to 28 U.S.C. § 2255 on April 4, 2016, challenging the presentence report's finding, and the Court's agreement, that he qualified as a career offender, arguing that he did not fall under the career offender umbrella under the holding in *Johnson v. United States*, 135 S.Ct. 2551 (2015).  He also argued that his earlier conviction in Florida state court should not count as a "controlled substance offense" if applying the modified categorical approach, which he argued should have been applied.  The Government filed a motion to dismiss, which was granted on September 26, 2016. In granting the motion to dismiss, the District Judge found that *Johnson* held that the residual clause of the Armed Career Criminal Act was unconstitutionally vague. However, Petitioner was not sentenced or enhanced based upon a

crime of violence, and therefore, *Johnson* had no application to his sentence and did not extend the limitations, and his motion was untimely.

Petitioner also filed a motion for plain error on September 24, 2016, which was denied as successive on November 2, 2016. Petitioner then filed a motion for reconsideration on November 14, 2016, which was denied on November 16, 2016. Petitioner then filed a notice of appeal in the Fifth Circuit on December 2, 2016. The Court denied a certificate of appealability on September 26, 2017, finding that Petitioner had failed to brief, and thus abandoned, his challenge to the ruling that his § 2255 motion was unauthorized and successive. *USA v. Gutierrez*, 16-41624 (5th Cir.). Petitioner then filed the instant writ of habeas corpus pursuant to 28 U.S.C. § 2241 which is being addressed herein.

### III. PETITIONER'S CLAIMS

In support of his § 2241 petition before this Court, Petitioner cites *Mathis v. United States* in arguing that his sentence is improper. *Mathis v. United States*, 136 S.Ct. 2243, 195 L.Ed.2d 604 (2016). He argues that his sentence range under the federal sentencing guidelines was calculated incorrectly. Petitioner argues that this is because, under *Mathis*, his Florida state conviction for "possession with intent to sell or deliver" does not qualify as a controlled substance offense under the modified categorical approach.

### IV. STANDARD OF REVIEW

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and this Court's local rules, the undersigned is authorized to review such petitions for relief and submit findings and recommendations to the District Court. This Court is charged with screening Petitioner's case to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases in the U.S.

District Courts (2014); *see also* Rule 1(b) Rules Governing § 2254 Cases in the U.S. District Courts (2014) (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254). As a *pro se* litigant, Petitioner's pleadings are accorded liberal construction and held to less stringent standard than formal pleadings drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007) (per curiam). However, even under this less stringent standard, the petition in this case is subject to summary dismissal. The requirement of liberal construction does not mean that the Court can ignore a clear failure to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Social Servs.*, 901 F.2d 387 (4th Cir. 1990). As discussed more fully below, Petitioner clearly is not entitled to relief under 28 U.S.C. § 2241 and, therefore, no response is required of Respondent.

**V.    DISCUSSION**

Prisoners seeking to challenge the validity of their convictions or their sentences are required to proceed under § 2255 in the district court of conviction. A petition for writ of habeas corpus, pursuant to § 2241, on the other hand, is intended to address the *execution* of a sentence, rather than its validity, and is to be filed in the district where the prisoner is incarcerated. Examples of an appropriate use of § 2241 include "actions challenging the computation of parole, computation of good time or jail credits, prison disciplinary actions, or imprisonment allegedly beyond the expiration of a sentence." *Anderson v. Pettiford*, 2007 WL 15777676 (D.S.C. May 31, 2007) (internal citations omitted).

However, there is a limited exception in which a challenge to the validity of a conviction may be raised in a § 2241 petition under the "savings clause" of § 2255:

> An application for a writ of habeas corpus on behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for that relief by motion, to the court which sentenced him, or that the court has denied

>him relief, unless it also appears that the remedy by motion is **inadequate or ineffective to test the legality of his detention**.

28 U.S.C. § 2255(e) (emphasis added).

The Fourth Circuit has set forth the following test to determine whether § 2255 is inadequate and ineffective to test the legality of a conviction:

>§ 2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of the conviction, the settled law of this Circuit or of the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first section 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal, **and** (3) the prisoner cannot satisfy the gate-keeping provisions of section 2255 because the new rule is not one of constitutional law.

*In re Jones*, 226 F.3d 328, 333-34 (4th Cir. 2000) (emphasis added).

Moreover, the Fourth Circuit has held that the savings clause only preserves claims in which the petitioner alleges actual innocence of a conviction.[2]  *Rice v. Rivera*, 617 F.3d 802, 807 (4th Cir. 2010), and does not extend to petitioners who challenge only their sentences.  *See United States v. Poole*, 531 F.3d 263, 267 (4th Cir. 2008) (citing *In re Jones*, 226 F.3d at 334-34); *see also Rouse v. Wilson*, 584 Fed. Appx. 76 (4th Cir. 2014) (unpublished) ("The district court properly determined that Rouse could not proceed with his [challenge to his sentencing enhancement] under § 2241."); *Farrow v. Revell*, 541 Fed. Appx. 327, 328 (4th Cir. 2013) (unpublished) (finding that a challenge to an ACCA sentence was not cognizable in a § 2241 petition); *Darden v. Stephens*, 426 F. Appx. 173 (4th Cir. 2011) (unpublished) (declining to extend the reach of the savings clause beyond instances of actual innocence of the underlying offense of conviction.)

---

[2] "It is important to note in this regard that 'actual innocence' means factual innocence, not mere legal insufficiency. *Bousley v. United States*, 523 U.S. 623 (1998).

5

Here, Petitioner relies on the United States Supreme Court's decision in *Mathis* (explaining how courts should determine whether a state crime can be used as predicate offense under the ACCA)[3] for relief. However, that decision did not decriminalize the conduct for which Petitioner was convicted, and therefore, under Fourth Circuit precedent, he is unable to satisfy § 2255's savings clause to seek relief under § 2241. Where, as here, a federal prisoner brings a § 2241 petition that does not fall within the scope of the savings clause, the district court must dismiss the unauthorized habeas motion for lack of jurisdiction. *Rice*, 617 F.3d at 807.

## VI.     RECOMMENDATION

Based on the foregoing, the undersigned recommends that Petitioner's § 2241 petition be **DENIED and DISMISSED WITHOUT PREJUDICE**.

Within fourteen (14) days after being served with a copy of this Recommendation, any party may file with the Clerk of the Court, written objections identifying the portions of the Recommendation to which objections are made and the basis for such objections. A copy of such objections should also be submitted to the Honorable Irene M. Keeley, United States District Judge. Failure to timely file objections to the Recommendation set forth above will result in the waiver of the right to appeal from a judgement of this Court based upon such

---

[3] More specifically, the Supreme Court outlined the process by which a district court should determine, for the purpose of the Armed Career Criminal Act, if a defendant's prior state-court conviction was one of the enumerated violent felonies listed in 18 U.S.C. § 924(e)(2)(B)(ii). 136 S.Ct. 2247-57. Prior to *Mathis*, the Supreme Court required a district court to compare the elements of the state crime with the generic version of the enumerated federal offense. If the state crime was "the same as, or narrower than, the relevant generic offense," then the state crime qualified as an enumerated offense. 136 S.Ct. at 2257; see also *Taylor v. United States*, 495 U.S. 575, 599 (1990). The Supreme Court reaffirmed this approach in *Mathis*, but added that, because the inquiry focused on the generic offense, a court "may not ask whether the defendant's conduct – his particular means of committing the crime – falls within the generic definition." 136 S.Ct. at 2257. Accordingly, the Supreme Court concluded that if the elements of the state law crime are broader than the generic version of an enumerated federal offense, then the state law conviction could not serve as a predicate for career offender status under the Armed Career Criminal Act. *Id*.

Recommendation.  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

The Clerk of the Court is **DIRECTED** to mail a copy of this Report and Recommendation to the *pro se* Petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.  In addition, because this Report and Recommendation completes the referral from the District Court, the Clerk is **DIRECTED** to terminate the Magistrate Judge association with this case.

DATED: October 17, 2017

*/s James E. Seibert*
JAMES E. SEIBERT
U.S. MAGISTRATE JUDGE