**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

**JUAN GUTIERREZ,**

    **Petitioner,**

**v.　　　　　　　　　// 　CIVIL ACTION NO. 1:17CV40
　　　　　　　　　　　　　　　(Judge Keeley)**

**UNITED STATES OF AMERICA,**

    **Respondent.**

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 8],
OVERRULING PETITIONER'S OBJECTIONS [DKT. NOS. 14, 16],
AND DENYING AND DISMISSING § 2241 PETITION [DKT. NO. 1]**

**I.**

In 2010, Juan Gutierrez ("Gutierrez") pleaded guilty to one count of conspiracy to possess with intent to distribute a controlled substance, in violation of 21 U.S.C. §§ 846, 841(a)(1) and 841(b)(1)(B). At that time, Gutierrez had two prior felony drug convictions — one federal conviction for possession with intent to distribute marijuana and one state conviction for possession of cannabis with intent to sell or deliver. At sentencing, the district court determined that Gutierrez's prior felony drug convictions qualified him as a career offender under the Sentencing Guidelines. Based on a total offense level 31 and a criminal history category VI, the district court sentenced Gutierrez to 188 months of imprisonment.

On March 8, 2017, Gutierrez filed a pro se Petition for Habeas Corpus pursuant to 28 U.S.C. § 2241, attacking the validity of his sentence (Dkt. No. 1). Relying on Mathis v. United States, 136 S.

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 8],
OVERRULING PETITIONER'S OBJECTIONS [DKT. NOS. 14, 16],
AND DENYING AND DISMISSING § 2241 PETITION [DKT. NO. 1]**

Ct. 2243 (2016), he argues that his "state conviction [for] 'possession with intent to sell or deliver' does not qualify as a controlled substance offense," and therefore that the district court incorrectly categorized him as a career offender under the Sentencing Guidelines (Dkt. No. 1 at 5-6).[1] Pursuant to 28 U.S.C. § 636 and the local rules, the Court referred this matter to the Honorable James E. Seibert, United States Magistrate Judge, for initial screening and a Report and Recommendation ("R&R").

Magistrate Judge Seibert's R&R recommended that the Court dismiss the petition for lack of jurisdiction because Gutierrez had not demonstrated that § 2255 is an inadequate or ineffective remedy by which to attack the validity of his selection (Dkt. No. 8). Specifically, the R&R concluded that Gutierrez had not established his entitlement to the application of § 2255's savings clause pursuant to the test articulated in In re Jones, 226 F.3d 328 (4th Cir. 2000). Id. at 5-6 (citing Rice v. Rivera, 617 F.3d 802, 807 (4th Cir. 2010)).

Gutierrez objects to the R&R's determination that, because the petition does not fall within the scope of the savings clause, it

---

[1] In relevant part, U.S.S.G. § 4B1.1(a) provides that "[a] defendant is a career offender if . . . (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense."

**GUTIERREZ V. USA**                                        **1:17CV40**

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 8],
OVERRULING PETITIONER'S OBJECTIONS [DKT. NOS. 14, 16],
AND DENYING AND DISMISSING § 2241 PETITION [DKT. NO. 1]**

must be dismissed for lack of jurisdiction (Dkt. Nos. 14, 16). He specifically objects to the R&R's conclusion that the Supreme Court's decision in Mathis does not support the application of § 2255's savings clause in this case (Dkt. Nos. 14 at 3, 6-7; 16 at 3-5). In his amended objections, he asserts that the Fourth Circuit's recent decision in United States v. Wheeler, 886 F.3d 415 (4th Cir. 2018), entitles him to proceed under § 2241 (Dkt. No. 16 at 2-2, 5-6).

## II.

Following de novo review, the Court concludes that Gutierrez's objections lack merit. Where, as here, a petitioner seeks to attack the imposition of his sentence rather than its execution, he may only seek a writ of habeas corpus pursuant to § 2241 by demonstrating that § 2255 is "inadequate or ineffective to test the legality of . . . detention." 28 U.S.C. § 2255(e) (the "savings clause"); see also In re Jones, 226 F.3d at 332.

In Wheeler, the Fourth Circuit held that § 2255 is inadequate or ineffective to test the legality of a sentence when:

> (1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review; (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2)

**GUTIERREZ V. USA**                                               **1:17CV40**

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 8],
OVERRULING PETITIONER'S OBJECTIONS [DKT. NOS. 14, 16],
AND DENYING AND DISMISSING § 2241 PETITION [DKT. NO. 1]**

for second or successive motions; and (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect.

886 F.3d at 429 (citing In re Jones, 226 F.3d at 333-34).

Here, Wheeler precludes any relief under § 2255's savings clause. Even assuming Gutierrez could satisfy the first and third prongs of Wheeler, he has not established that, subsequent to his first § 2255 motion, the "settled substantive law [that established the legality of his sentence] changed and was deemed to apply retroactively on collateral review," as required by the second prong. Id.

Liberally construed, Gutierrez appears to assert that, pursuant to Mathis, there has been an intervening change in substantive law that retroactively affects his case.[2] Contrary to Gutierrez's argument, district courts in this Circuit and elsewhere have held that Mathis does not represent a substantive change in the law. See, e.g., Stewart v. United States, No. CR ELH-13-262, 2017 WL 2361089, at *5 (D. Md. May 31, 2017) (recognizing that Mathis did not announce a new substantive rule applicable to cases

---

[2] In Mathis, the Supreme Court "outlined the process by which a district court should determine, for the purpose of the Armed Career Criminal Act, if a defendant's prior state-court conviction was one of the enumerated violent felonies listed in 18 U.S.C. § 924(e)(2)(B)(ii)." Dkt. No. 8 at 6 (citing 136 S. Ct. at 2247-67).

**GUTIERREZ V. USA**                                               **1:17CV40**

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 8],
OVERRULING PETITIONER'S OBJECTIONS [DKT. NOS. 14, 16],
AND DENYING AND DISMISSING § 2241 PETITION [DKT. NO. 1]**

on collateral review); Dimott v. United States, Nos. 2:06-cr-26-GZS, 2:16-cv-347-GZS, 2016 WL 6068114, at *3 (D. Maine Oct. 14, 2016) ("The Supreme Court made clear that it was not breaking new ground in Mathis . . . ."); Blackwell v. United States, Case No. 4:10-cr-00012, 2016 WL 5849384, at *5 (W.D. Va. Oct. 6, 2016) ("By the Court's own admission, Mathis does not set a new rule.").

Rather than changing settled substantive law in Mathis, the Supreme Court reaffirmed precedent in existence well before Gutierrez's conviction, sentence, and § 2255 motion:

> For more than 25 years, we have repeatedly made clear that application of ACCA involves, and involves only, comparing elements. . . . And that rule does not change when a statute happens to list possible alternative means of commission: Whether or not made explicit, they remain what they ever were—just the facts, which ACCA (so we have held, over and over) does not care about.

136 S. Ct. at 2257. Put simply, Mathis sets forth a "procedural rule that has not been made retroactive on collateral review." Fisher v. Rickard, No. 1:17-CV-03730, 2018 WL 1405324, at *4 (S.D.W. Va. Feb. 16, 2018), report and recommendation adopted, No. CV 1:17-03730, 2018 WL 1404279 (S.D.W. Va. Mar. 20, 2018). Accordingly, Gutierrez's continued reliance on Mathis is misplaced.

**GUTIERREZ V. USA**                                              1:17CV40

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 22], OVERRULING PETITIONER'S OBJECTIONS [DKT. NOS. 14, 16], AND DENYING AND DISMISSING § 2241 PETITION [DKT. NO. 1]**

### III.

Because Gutierrez cannot satisfy the requirements articulated in Wheeler, the Court **OVERRULES** his objections (Dkt. Nos. 14, 16) and **ADOPTS** the R&R (Dkt. No. 8). It further **GRANTS** Gutierrez's motion for an extension of time and motion to supplement (Dkt. Nos. 12, 16), **DENIES** his § 2241 petition (Dkt. No. 1), and **ORDERS** that this case be **DISMISSED WITHOUT PREJUDICE** and **STRICKEN** from the Court's active docket.

It is so **ORDERED**.

The Court **DIRECTS** the Clerk to enter a separate judgment order and to transmit copies of both orders to the pro se petitioner, certified mail and return receipt requested.

DATED: May 29, 2018.

                                    /s/ Irene M. Keeley
                                    IRENE M. KEELEY
                                    UNITED STATES DISTRICT JUDGE